UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BENNIE STROUD # 45807                                                                               PLAINTIFF

V.                                                             CIVIL ACTION NO.4:04CV195-WAP-JAD

RICHARD PENNINGTON                                                                         DEFENDANT

## REPORT AND RECOMMENDATION

The undersigned has reviewed the file in this action. On December 10, 2004, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. The matter was taken under advisement. The undersigned has also reviewed the decision of the Mississippi Court of Appeals dismissing the plaintiff's state habeas petition. A copy of the decision of the Mississippi Court of Appeals is attached as Exhibit A. Stroud failed to file a timely notice of appeal from the trial court to the appellate court, nor did he ask for leave to file his appeal out of time. The undersigned has also reviewed the decision of the of the District Court for the Southern District of Mississippi in *Stroud v. Wilson*, 1:03cv923, entered on April 21, 2004.(Doc. 10), dismissing his federal habeas petition attached as Exhibit B. The federal petition was dismissed as untimely, not having been filed within the one year statute of limitation.

Bennie Stroud complains that he was deprived of access to the courts by Richard Pennington, a paralegal with the Inmate Legal Assistance Program, which caused his petition for habeas corpus

to be untimely filed. Stroud claims to be functionally illiterate, and MDOC documents he filed in this action supports that claim. He alleges that Pennington knowingly and willfully misled him about filing procedures.

A review of the petition fails to demonstrate that Stroud has exhausted his administrative remedies. The complaint checks off the box to indicate that a grievance was presented. But when asked for the details of everything he did to exhaust the prison's grievance program, Stroud states his "complaint with the ARP process cannot give me the relief I'm requesting,." He never says that he initiated any grievance and attaches no documents regarding the ARP process, as required by the complaint. It therefore appears that he has not exhausted his prison remedies.

The undersigned therefore recommends that the complaint be dismissed without prejudice for failure to exhaust his administrative remedies.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal

of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 14th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

Exhibit A

IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2001-CP-00820-COA

**BENNIE STROUD, JR.**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 10/30/1997 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENNIE STROUD, JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | ROBERT KEITH MILLER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED RELIEF |
| DISPOSITION: | DISMISSED - 03/11/2003 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

**BEFORE SOUTHWICK, P.J., LEE AND MYERS, JJ.**

**SOUTHWICK, P.J., FOR THE COURT:**

¶1. Bennie Stroud filed for post-conviction relief following the entry of his guilty plea to charges of aggravated assault, possession of a firearm by a felon and possession of a controlled substance. The Circuit Court of Jackson County denied the petition and Stroud appeals. Finding we lack jurisdiction, we dismiss the appeal.

FACTS

Exhibit A

¶2. Bennie Stroud entered a plea of guilty to multiple felony offenses on March 5, 1997. The following day, he filed a pro se motion to withdraw the guilty plea. The motion was heard on April 14, 1997, and denied. At the same proceeding, Stroud was sentenced to fifteen years imprisonment as an habitual offender on April 14, 1997.

¶3. Stroud filed his petition for post-conviction relief on October 8, 1997, claiming his guilty plea was involuntary and that counsel had been ineffective. The circuit court denied the petition on October 30, 1997. An appeal was filed with the supreme court on January 20, 1998. Since that time, occasional motions have been submitted, but Stroud's initial brief was not filed until July 2002.

## DISCUSSION

¶4. Appeals from both civil and criminal decisions must be filed within thirty days after the date of entry of the judgment or order from which the petition appeals. M.R.A.P. 4(a). Stroud filed his appeal well after this deadline had passed. Under our court rules, pro se parties are held to the same standards of procedure as attorneys. URCCC 8.05(3).

¶5. Had Stroud alleged and proved that he failed to receive timely notice of the entry of the order denying his post-conviction relief petition, he could have sought to reopen the time for appeal. M.R.A.P. 4(h). However, Stroud has never made that claim and has never petitioned any court to reopen the time for appeal.

¶6. Having failed to follow either route to appeal the denial of his petition, Stroud is time-barred. This Court has no jurisdiction to review his claims and his petition is hereby dismissed.

¶7. **THE APPEAL OF THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNIE STROUD, JR.<br>#45807 | § <br> § <br> § | PETITIONER |
| VERSUS | § <br> § | CIVIL ACTION NO. 1:03CV923RRo |
| MICHAEL WILSON and JIM HOOD | § | RESPONDENTS |

## ORDER GRANTING MOTION OF RESPONDENTS TO DISMISS

BEFORE THE COURT is the Petition of Bennie Stroud, Jr., seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, and the Motion of the Respondents, Michael Wilson and Jim Hood, to Dismiss pursuant to 28 U.S.C. § 2244(d) [Doc No. 8-1]. And the Court, having carefully considered said motion, the petition and the record and pleadings before it, as well as the applicable case law, is of the opinion that the Motion to Dismiss is well taken and should be granted.

### I. DISCUSSION

The Respondents submit that the Petition should be dismissed as the Petitioner is time-barred. 28 U.S.C. § 2244(d) provides:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

Exhibit B

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D)[1] apply, the Antiterrorism and Effective Death Penalty Act ("AEDPA") now requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5thCir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation). This Court finds that the Petitioner failed to file his habeas petition within the allotted time period as set forth herein.

---

[1] Respondents contend that none of the limited exceptions of §2244(d)(1)(B-D) apply in the instant case.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bennie Stroud, Jr., pled guilty to aggravated assault, possession of a weapon by a convicted felon and two counts of possession of a controlled substance in the Circuit Court of Jackson County, Mississippi. Stroud was sentenced as a habitual offender by Order filed April 14, 1997, to serve concurrent terms of fifteen (15) years for the aggravated assault charge and three (3) years each for the possession of a weapon and possession of controlled substance charges in the custody of the Mississippi Department of Corrections. *See* **Exhibit A**. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, respondents submit that Stroud's judgment became final on May 14, 1997, thirty (30) days after he was sentenced on his guilty plea.[2] Accordingly, unless Stroud filed a "properly filed"

---

[2]As stated above, there is a statutory prohibition to direct appeals from guilty pleas under state law. Nevertheless, the Mississippi Supreme Court carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). Heretofore, respondents had been liberally adding ninety (90) days to all guilty pleas to calculate the date of finality of a state judgment, allowing petitioner the benefit of the time to appeal to the United States Supreme Court.

However, in light of the recently decided *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), respondents submit that, even under a liberal construction of this precedent, only thirty (30) days should be added to the sentencing date to establish finality of the conviction under § 2244(d)(1)(A) when a prisoner pleads guilty and fails to seek review of his sentence in state court. In the *Roberts* case, the Court of Appeals for the Fifth Circuit clarified the law for purposes of calculating the limitations period under 28 U.S.C. § 2244(d)(1)(A), which provides that the limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Specifically, the Court found: "We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the 'conclusion of direct review' is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. **If the**

3

application as contemplated by 28 U.S.C. § 2244(d)(2) between May 14, 1997, and May 14, 1998, to toll the period of limitation, his habeas petition would be filed too late.[3] *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

### III. LEGAL ANALYSIS

The state court record reflects that Stroud did file a "properly filed" motion for post-conviction relief in the state court between May 14, 1997, and May 14, 1998. On October 8, 1997, Stroud filed a Motion for Post-Conviction Collateral Relief and a brief in support in the Jackson County Circuit Court, as well as a Notice to the court that Stroud wished to have his post-conviction motion reviewed. *See* Exhibit D. Stroud's motion for post-conviction relief was denied by Order of the circuit court filed October 30, 1997. *See* Exhibit E. Stroud filed a Notice of Appeal from the lower court's order; however, this notice of appeal was not filed until January 20, 1998, well beyond the thirty-day period provided by Rule 4 of the Mississippi Rules of Appellate Procedure. *See* Exhibit F. Therefore, the Mississippi Supreme Court lacked

---

**defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires**. This holding is consistent with our previous decision in *Flanagan,* where finality was established by the expiration of the ninety-day period to seek further review with the Supreme Court, rather than the date the conviction became final for purposes of state law." *Roberts,* 319 F.3d at 694 (emphasis added). Accordingly, using the logic of *Roberts,* this Court agrees with respondents that the longest possible amount of time that could be added to the date of the entry of a guilty plea to determine finality of a petitioner's conviction when no appeal was taken would be thirty (30) days, which is the period of time allowed for seeking review of an alleged illegal sentence under state law.

[3]The state court record reflects that Stroud filed a "Petition for Writ of Interlocutory Appeal to the Circuit Court of Jackson County, Mississippi" seeking to withdraw his guilty plea on March 6, 1997, and a supporting "Affidavit of Rebuttal Withdrawing Plea". *See* Exhibit B. However, the trial court heard this motion on the day of the sentencing hearing and denied relief. *See* Exhibit C (transcript of hearing). Because this motion was filed and denied prior to sentencing (and, therefore, prior to the date the statute of limitations began to run), it did not serve to toll the limitations period.

4

jurisdiction of the appeal from the lower court's ruling, and the appeal was properly dismissed for lack of jurisdiction in a written opinion. *See* Exhibit G; *Stroud v. State*, 839 So.2d 610 (Miss. App. 2003).

Accordingly, the motion for post-conviction relief was only "properly filed" for the period of time that the state court had jurisdiction to hear the case, *i.e.*, the period of time that the motion was pending in the trial court up through the thirty-day period allowed under state law to file a notice of appeal and preserve the right to have the case reviewed by the appellate court.[4] Therefore, the limitations period was tolled only for a period of 54 days, *i.e.*, the number of days that Stroud had a "properly filed" motion pending in state court with a period of thirty (30) days added to account for the time period in which Stroud could have properly perfected his appeal (October 8, 1997 - October 30, 1997, plus thirty-two (32) days[5]), thereby making Stroud's petition due on or before July 7, 1998 (one year from May 14, 1997, plus 54 days). The

---

[4] Even assuming *arguendo* that Stroud's appeal of the lower court's denial of relief is construed as a "properly filed" motion seeking post-conviction relief, and, therefore, that Stroud is entitled to the benefit of statutory tolling for the period of time that the case was filed and remained pending until the Mississippi Court of Appeals dismissed the case for lack of jurisdiction, the limitations period would be tolled for a period of 1980 days (October 8, 1997, to March 11, 2003), thereby making Stroud's petition due on or before October 15, 2003. As set forth, *infra*, Stroud's petition was not filed on or before October 15, 2003.

[5] Because the thirtieth day for perfecting an appeal from the lower court's ruling fell on Saturday, November 29, 1997, the notice of appeal would have been due on Monday, December 1, 1997. Therefore, an extra two days have been added to respondents' calculation by respondents to account for this fact.

Mississippi state court records indicate that no other properly filed post-conviction motions were filed by Stroud on or before July 7, 1998.[6]

In light of said calculations, the Respondents contend that Stroud's claims are barred by AEDPA's statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). "Congress granted petitioners one year to file a federal habeas petition" which, in the instant case, ". . . is one year from the latest of the dates the factual predicate for the claim could have been discovered." *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000). Under the "mailbox rule", Stroud's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564 (2000) (citing

---

[6]There are two additional filings in the state court which respondents submit were not "properly filed" motions for post-conviction relief, but which respondents submitted for the benefit of the record and a complete review of the case history. First, the state court record contains a pleading drafted by Stroud entitled "Affidavit of Post-Conviction 99-39-21" on April 24, 1997. *See* Exhibit H. According to the Jackson County Circuit Clerk's Office, this pleading was stamped as filed but was not docketed. This "affidavit" was not clearly not treated as a motion for post-conviction relief, as neither the trial court or the Mississippi Supreme Court recognized it as such. Accordingly, this pleading titled as an "affidavit" was not a "properly filed" motion that would have any effect on the limitations period.

Moreover, Stroud filed in the Mississippi Supreme Court an "Application for Leave to Proceed in the Trial Court" on June 4, 1999. *See* Exhibit I. This application was dismissed without prejudice for Stroud to seek relief in the trial court (*see* Exhibit J), which by statute is the court of proper jurisdiction for post-conviction motions seeking relief from a guilty plea. *See* Miss. Code Ann. § 99-39-7. However, this pleading was not a "properly filed" motion for post-conviction relief, as it was filed in a court without proper jurisdiction. *See Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) (properly filed is pleading filed in compliance with the applicable laws and rules governing filings, which includes "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."); *see also Villegas v. Johnson*, 184 F.3 467, 470 (5th Cir. 1999). Moreover, Stroud's **state** pleading was not filed until June 4, 1999, some eleven months after the July 7, 1998, deadline for filing his **federal** habeas, and, therefore, did not bring the tolling provisions of §2244(d) into play.

*Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)); *see also, Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). In the instant case, Stroud's petition was signed on December 15, 2003, but was stamped as "filed" in the district court on December 4, 2003, eleven days prior. Respondents have used the earliest of these dates, *i.e*, December 4, 2003, as the filing date. Accordingly, even giving Stroud the benefit of the earliest date as a calculation point, Stroud's petition was filed some 1976 days late after the July 7, 1998, deadline for filing his federal habeas. Because Stroud's petition was filed too late and because Stroud cites no "rare and exceptional" circumstance to warrant equitable tolling[7], this Court finds that Stroud's federal petition will be dismissed with prejudice pursuant to the one-year statute of limitations provision of the AEDPA.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Respondents, Motion of the Respondents, Michael Wilson and Jim Hood, to Dismiss pursuant to 28 U.S.C. § 2244(d) [Doc No. 8-1], be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** the relief sought in the Petition of Bennie Stroud, Jr., seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

---

[7]Stroud was was not actively misled or prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834 (2000).

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2004.

*Dan M. Russell*
DAN M. RUSSELL, JR.
**UNITED STATES DISTRICT JUDGE**